UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN R. E., | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 21-CV-301-CDL |
| | ) |
| **KILOLO KIJAKAZI,** | ) |
| **Acting Commissioner of the** | ) |
| **Social Security Administration,** | ) |
| | ) |
|     **Defendant.** | ) |

**OPINION AND ORDER**

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying Social Security disability benefits. The parties have consented to proceed before a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c)(1), (2). For the reasons set forth below, the Court **reverses** the Commissioner's decision denying benefits and **remands** the case for further proceedings.

**I.    Standard of Review**

The Social Security Act (the Act) provides disability insurance benefits to qualifying individuals who have a physical or mental disability. *See* 42 U.S.C. § 423. The Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. § 423(d)(1)(A).

Judicial review of a Commissioner's disability determination "is limited to determining whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Soc. Sec. Comm'r*, 952 F.3d 1172, 1177 (10th Cir. 2020) (citing *Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014)). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1178 (quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005)); *see also Biestek v. Berryhill*, --- U.S. ---, 139 S. Ct. 1148, 1154 (2019). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Noreja*, 952 F.3d at 1178 (quoting *Grogan*, 399 F.3d at 1261-62).

So long as supported by substantial evidence, the agency's factual findings are "conclusive." *Biestek*, 139 S. Ct. at 1152 (quoting 42 U.S.C. § 405(g)). Thus, the court may not reweigh the evidence or substitute its judgment for that of the agency. *Noreja*, 952 F.3d at 1178.

## II. Background and Procedural History

The plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits on January 2, 2018, alleging a disability onset date of December 1, 2015. (*See* R. 117). He alleged disability due to problems with the left and right rotator cuffs, back problems, sciatica, neuropathy in his legs, neck pain, and a hard mass causing stomach pain. (R. 99-100). He was 50 years old on the alleged onset date. (R. 134). The plaintiff has not attended school past eighth grade or attained a GED. (R. 42). In the past, he has worked as a laborer pouring concrete and performing sanitation work at a

farm. (R. 43-44). The plaintiff last met the insured status requirements of the Act on December 31, 2016. (R. 13).

The plaintiff's application was denied on initial review and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on October 29, 2019 and issued an unfavorable decision dated November 27, 2019. (R. 117-131). In a decision dated June 29, 2020, the Appeals Council remanded the case to the ALJ for further proceedings to include the admission and review of various additional medical records. (R. 134-135). On remand, the ALJ held a second hearing on December 1, 2020. The plaintiff and a vocational expert (VE) provided testimony. (R. 881-921). The ALJ issued a second unfavorable decision dated December 22, 2020. (R. 10-27). The Appeals Council issued a decision on September 5, 2020 denying Plaintiff's request for review of the ALJ's decision. (R. 1-6). Following the Appeals Council's denial, Plaintiff timely filed a Complaint in this Court. (*See* Doc. 2). Accordingly, the Court has jurisdiction to review the ALJ's December 22, 2020 decision under 42 U.S.C. § 405(g).

## III. The ALJ's Decision

The Commissioner uses a five-step, sequential process to determine whether a claimant is disabled and, therefore, entitled to benefits. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). A finding that the claimant is disabled or is not disabled at any step ends the analysis. *See id.*; *see also Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)). The claimant bears the burden on steps one through four. *Lax*, 489 F.3d at 1084.

3

At step one, the claimant must demonstrate that he is not engaged in any substantial gainful activity. *See Lax*, 489 F.3d at 1084. Here, the ALJ determined that the plaintiff did not engage in substantial gainful activity from his alleged onset date of December 1, 2015 through his date last insured of December 31, 2016. (R. 13).

At step two, the claimant must establish an impairment or combination of impairments that is severe. *See Lax*, 489 F.3d at 1084. Here, the ALJ found that the plaintiff has severe impairments of osteoarthritis and lumbar radiculopathy. (R. 13).[1]

At step three, the ALJ determines whether the claimant's severe impairment or impairments is equivalent to one that is listed in Appendix 1 of the regulation, which the Commissioner "acknowledges are so severe as to preclude substantial gainful activity." *Williams*, 844 F.2d at 751 (internal quotation and citation omitted); *see* 20 C.F.R. §§ 404.1520(d); 20 C.F.R. Part 404, subpt. P, app'x 1 (Listings). Here, the ALJ found that the plaintiff's impairments do not meet or equal the criteria for any Listing, specifically noting Listings 1.02 (major dysfunction of a joint (due to any cause)), 1.03 (reconstructive surgery or surgical arthrodesis of a major weight-bearing joint), and 1.04 (disorders of the spine).

At step four, the claimant must show that his impairment or combination of impairments prevents him from performing work he has performed in the past. The ALJ first determines the claimant's residual functional capacity (RFC) based on all the relevant medical and other evidence. 20 C.F.R. § 404.1520(e); *see also Winfrey v. Chater*, 92 F.3d

---

[1] The ALJ also discussed the plaintiff's other alleged impairments, including mental impairments; however, none were found to be severe. (R. 13-14). The issues in this appeal relate solely to the plaintiff's physical impairments; therefore, this Opinion and Order does not address the ALJ's mental impairment findings in detail.

1017, 1023 (10th Cir. 1996). The ALJ next determines the physical and mental demands of the claimant's past relevant work. *Winfrey*, 92 F.3d at 1023 (citing 20 C.F.R. § 404.1520(e)). Finally, the ALJ determines whether the RFC from phase one allows the claimant to meet the job demands found in phase two. *Id.*

Here, the ALJ determined that, between the plaintiff's alleged onset date and his date last insured (December 1, 2015 to December 31, 2016), he had the RFC

> to perform medium work as defined in 20 CFR 404.1567(c) except with additional limitations. The [plaintiff] is unable to reach overhead bilaterally. The [plaintiff] is able to understand, remember, and carry out simple tasks with simple instructions in a routine work setting (with a specific vocational preparation (SVP) of one or two).

(R. 16). The ALJ found that the plaintiff was not capable of performing any past relevant work. (R. 20). However, citing the VE's testimony, the ALJ found that the plaintiff could perform alternative jobs existing in significant numbers in the national economy. (R. 21). These alternative jobs include laundry worker I (medium exertion, unskilled, SVP 2, DOT # 361.684-014, reduced to 28,000 positions in the nation due to no overhead reaching); hand launderer (medium, unskilled, SVP 2, DOT # 361.684-010, reduced to 15,000 positions due to no overhead reaching); and machine packager (medium, unskilled, SVP 2, DOT # 920.685-078, reduced to 64,000 positions due to no overhead reaching). (R. 20). As such, the ALJ found the plaintiff not disabled at step five. (R. 21).

IV.   **Discussion**

The plaintiff alleges that he has disabling back pain and contends that the ALJ failed to properly consider all of the medical evidence in the record. "The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to

discuss every piece of evidence. Rather, in addition to discussing the evidence supporting [the] decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Mays v. Colvin*, 739 F.3d 569, 576 (10th Cir. 2014) (quoting *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996)).

Specifically, the plaintiff points to spinal MRI imaging that was taken in February 2018 and September 2019. In her decision, the ALJ

> noted that two new records were submitted prior to the hearing; however, these records are well after the date last insured of December 31, 2016. The undersigned has considered the entire record.
>
> The [plaintiff's] representative argued that the evidence surrounding the period between the alleged onset date and the date last insured must be considered, which is true, but this evidence still does not prove disability. The prior records show mild findings in the diagnostic testing. The [plaintiff's] representative also pointed to an MRI of the lumbar spine, from 2019, which showed significant findings. The undersigned concurs that these findings did not just arise on the day of the MRI, but the MRI is approximately three years after the date last insured and is found not to support disability.

(R. 11). Thus, the ALJ found the imaging dated in September 2019 too remote in time from the date plaintiff was last insured to prove disability during the relevant time period.

The plaintiff points out that, in fact, he submitted MRI records from two separate occasions after his last insured date. Prior to the September 2019 MRI, the plaintiff also received an MRI on February 7, 2018. The plaintiff contends that the 2018 scan also showed "significant findings" that warrant further consideration by the ALJ. *Id*.

6

On February 7, 2018, Sonu Suri, M.D. reviewed the plaintiff's first set of MRI films and assessed "[a]dvanced multilevel degenerative changes [in the] lumbar spine . . . . Spinal canal stenosis, compromise of neural foramen and lateral recesses and nerve impingement at multiple levels . . . ." (R. 720). Dr. Suri also noted "[d]ecrease in disc space" and "[d]isc desiccation . . . at all levels," as well as "edema . . . within the left pedicle at L5 indicating strain or stress" and bilateral spondylolysis at L5. (R. 719). A few weeks after the 2018 MRI, the plaintiff presented to Barry Irving Katz, M.D., for a neurosurgery consultation. (R. 708). Dr. Katz observed that the plaintiff had an abnormal antalgic gait, with a moderate limitation to range of motion, and noted that his recent MRI film showed "significant stenosis and spondylolisthesis worse [sic] L3-S1." (R. 710-711).

The defendant notes that the plaintiff has the burden to produce evidence of functional limitations during the alleged period of disability and argues that substantial evidence supports the ALJ's finding of nondisability prior to the plaintiff's date last insured. The defendant points out that evidence prior to the date last insured included normal neurological findings and x-ray imaging that was "unremarkable." (Doc. 19 at 4). The defendant also notes that "both state agency physicians indicated that there was insufficient evidence to determine the severity of [the plaintiff's] condition on or before his date last insured." *Id.* (citing R. 102, 111).

However, this argument ignores that the ALJ had access to medical evidence that was not available to the state agency physicians. Despite having additional records, the ALJ did not address the 2018 MRI evidence at all. In contrast, the ALJ acknowledged that the 2019 MRI yielded "significant findings," but he discounted them because of the time

7

gap between that exam and the plaintiff's last insured date. (R. 11). However, because the ALJ did not discuss the 2018 MRI or the notes of Dr. Suri and Dr. Katz, the Court cannot determine whether the ALJ adequately considered all of the evidence.

The defendant argues that the 2018 MRI evidence was "not pertinent" because it was too distant from the plaintiff's insured period. (Doc. 19 at 5). However, "evidence bearing upon an applicant's condition subsequent to the date upon which the earning requirement was last met is pertinent evidence in that it may disclose the severity and continuity of impairments existing before the earning requirement date . . . ." *Miller v. Chater*, 99 F.3d 972, 977 (10th Cir. 1996).[2] Here, the ALJ's decision acknowledged that a spinal MRI could be relevant, even though he concluded that the 2019 MRI was too distant in time—"approximately three years after the date last insured"—to be probative of the plaintiff's condition before December 31, 2016. (R. 11). The ALJ also noted that the 2019 MRI revealed "significant" conditions in plaintiff's spine that "did not just arise on the day of the MRI." *Id*. However, the ALJ's decision did not address the more proximate 2018 MRI, which was taken just over one year after the date last insured.

Notably, after the plaintiff's second spinal MRI, Grzegorz M. Szarnecki, M.D. reviewed the more recent images in correlation with the February 2018 scan. (R. 798). Dr. Szarnecki found a grade 1 anterolisthesis of L5 on S1 and retrolisthesis of L4 on L5. *Id*.

---

[2]   *Huston v. Bowen*, 838 F.2d 1125, 1127 (10th Cir. 1988), cited in the defendant's brief, is inapposite. In that case, the court noted that a claimant's eight-year delay in filing for disability benefits "create[d] some difficulty and confusion" in adjudicating his claim. However, the court held that the ALJ's decision required remand, due to the ALJ's failure to properly address evidence of pain limiting the claimant's ability to perform light work or any substantial gainful activity. *Id*. at 1131.

These findings were "unchanged as compared to the previous study." *Id*. Although there appear to be some differences between the two sets of images, based on the findings of Dr. Suri and Dr. Szarnecki, there are also similarities. *Compare* R. 719-720 *with* R. 798-799 (both noting bilateral facet hypertrophy at L5-S1 with narrowing of neural foramen, bilateral facet hypertrophy and ligamentum flavum hypertrophy at L4-L5 with nerve impingement and disc protrusion, spinal canal stenosis with disc bulge and neuroforaminal narrowing at L3-L4, spinal canal stenosis at L1-L2 due to bilateral facet joint arthropathy and disc bulge).

The plaintiff contends that his impairments limit his ability to stand or walk short distances and that substantial evidence does not support the RFC determination for medium work with limitations to reaching. Thus, the ALJ's error is not harmless. The Court finds that remand is warranted for further consideration and discussion, as appropriate, of the medical evidence related to the plaintiff's severe impairments and physical limitations.

## V.  Conclusion

For the reasons set forth above, the Court finds the ALJ's RFC determination reflects reversible legal error. Therefore, the decision of the Commissioner finding Plaintiff not disabled for the relevant period is **reversed and remanded** for further proceedings consistent with this opinion.

ORDERED this 24th day of February, 2023.

*Christine D. Little*
Christine D. Little
United States Magistrate Judge